IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

STEVEN M. JOHNSON,  #15586       *

    v.       *   CIVIL ACTION NO.  JFM-08-2153

SECRETARY OF PUBLIC SAFETY &       *
  CORRECTIONAL SERVICES
   *
***

## MEMORANDUM

Steven Johnson ("Johnson") filed this action as a petition for writ of habeas corpus on August 15, 2008.[1] He asserts that he suffers from a substance abuse problem and has expressed interest in treatment which is unavailable at his place of confinement. Johnson alleges that he has served 28 years of a life sentence and has been denied evaluation for rehabilitative programming in the Maryland Department of Health and Mental Hygiene ("DHMH") even though he is eligible under Md. Code. Ann., Health-Gen. I §§ 8-505, et seq.[2] Johnson claims that his sentencing judge recognized that he had a problem and recommended some sort of treatment. He states that although the Maryland Division of Correction ("DOC") offers Alcoholics/Narcotics Anonymous programs, it does not offer any type of treatment which is recognized by the Maryland Parole Commission ("MPC").[3]

---

[1] In light of the subject matter, the court construed the matter as a hybrid civil rights and habeas corpus action.

[2] Johnson contends that nowhere under Maryland statute is a "lifer" deemed ineligible for participation in treatment. He claims that his due process right was violated by the denial of his petition for treatment on the basis of his sentence.

[3] The petition claims that the MPC has recommended that he receive treatment for substance abuse, but does not offer an alternative of where and how treatment can be rendered.

Johnson further alleges that he has unsuccessfully litigated issues involving his right to "participate in treatment" at the state lower court and appellate levels.[4] He claims that the denial of such a right by a judge constitutes discrimination and violates due process, the Civil Rights Act of 1964, the Americans With Disabilities Act ("ADA"), and the Rehabilitation Act of 1973 ("RA"). Johnson seeks release from confinement.

Johnson has filed a motion for summary judgment. Paper No. 8. The Secretary of the Department of Public Safety and Correctional Service ("Secretary") has filed a motion to dismiss or, in the alternative, motion for summary judgment and Johnson has filed an opposition thereto. Paper Nos. 9 & 13. No hearing is necessary to rule on the pending dispositive motions. *See* Local Rule 105.6. (D. Md. 2008). For reasons to follow, the Secretary's motion, construed as a motion for summary judgment, shall be granted and Johnson's motion for summary judgment shall be denied.

Summary judgment is appropriate under Rule 56(c) of the Federal Rules of Civil Procedure when there is no genuine issue as to any material fact, and the moving party is plainly entitled to judgment in its favor as a matter of law. In *Anderson v. Liberty Lobby, Inc*., the Supreme Court explained that in considering a motion for summary judgment, the "judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." 477 U.S. at 249 (1986). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. at 248. Thus, "the judge must ask himself not whether he thinks the evidence unmistakably favors one side

---

[4] Attachments show that Johnson filed a motion for court-ordered evaluation in the Circuit Court for Charles County which was denied on January 2, 2008, by Circuit Court Judge Steven G. Chappelle. Judge Chappelle noted that "Def. is serving a life sentence. Substance abuse evaluation is inappropriate." The appeal and petition for writ of certiorari were denied by the Maryland appellate courts.

2

or the other but whether a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Id*. at 252.

In undertaking this inquiry, a court must view the facts and the reasonable inferences drawn therefrom "in a light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)); *see also E.E.O.C. v. Navy Federal Credit Union*, 424 F.3d 397, 405 (4th Cir. 2005). The mere existence of a "scintilla" of evidence in support of the non-moving party's case is not sufficient to preclude an order granting summary judgment. *See Anderson*, 477 U.S. at 252.

This court has previously held that a "party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences." *Shin v. Shalala*, 166 F.Supp.2d 373, 375 (D. Md. 2001) (citation omitted). Indeed, the court has an affirmative obligation to prevent factually unsupported claims and defenses from going to trial. *See Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993) (quoting *Felty v. Graves-Humpreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987)).

In his motion for summary judgment Johnson reiterates the claims raised in his original action. He asserts that he is being denied his right to seek substance abuse treatment at a DHMH "treatment facility" and to "become a productive member of society." Paper No. 8. Johnson asserts that the denial of such treatment based upon the nature of his sentence violates due process and constitutes impermissible discrimination. He further repeats his claim that the denial of participation in such treatment violates the ADA. Johnson asks that the court order "defendants" to cease denying him participation in a substance abuse treatment program at a DHMH facility.[5]  *Id*.

---

[5]  It is of note that Johnson continues to refer to state statute under Md. Code Ann., Health-Gen. I § 8-505, *et seq*. These provisions relate to a state court judge's discretion to: (i) order an alcohol or drug dependency evaluation by the DHMH at any time before criminal trial or sentencing; (ii) commit a defendant to the DHMH for a limited time for evaluation; and/or (iii) commit a defendant to the DHMH for treatment

3

The records presented by the Secretary undisputably show that on November 26, 1980, Charles County Circuit Court Judge George W. Bowling imposed a life sentence for first-degree sexual offense and concurrent twenty- and ten- year terms for kidnaping a child under sixteen and assault. Paper No. 9, Ex. 1. There were no conditions imposed in that criminal case for substance abuse counseling or treatment. Prior to the commission of those offenses, however, in January of 1980, Johnson had been convicted of assault and battery in Charles County and sentenced to one year in the Division of Correction and three years probation, with special conditions of continued counseling from the DHMH of St. Mary's County[6] and "such alcoholic counseling as directed for as long and as frequently as directed."[7] *Id*.

The record also establishes the Johnson has had several parole hearings. His last hearing, held in July of 2007, noted the nature of his crime and his good institutional adjustment history and recommended a rehearing in three years. *Id*. The parole record does not indicate that Johnson must meet any contingencies prior to parole, including substance abuse treatment. *Id*.

In his opposition response Johnson claims that the Secretary is not entitled to qualitfied immunity as he could reasonably anticipate that his conduct would give rise to liability. Paper No. 13. He asserts that he is eligible for commitment to the DHMH and "a court is now required to suspend the remaining portion of the sentence and place [him] on probation so that he may be monitored by parole & probation..." *Id*.

---

after a finding of alcohol or drug dependency.

[6] The conditions were imposed due to Johnson's acknowledged history of alcohol abuse.

[7] The Secretary's exhibit includes a Pre-Sentence Investigative Report and Johnson's personal identifier information. For this reason, it shall be placed under seal.

Johnson further claims that Maryland statute does not preclude defendants serving a life sentence from participation in a DHMH substance abuse program. Paper No. 13. He claims that his most recent classification management review recommended substance abuse treatment[8] and he repeats his allegation that the Maryland courts and DOC are discriminating against him based of his life sentence. *Id*. He claims that as of October of 2004, the Maryland legislature modified Md. Code Ann., Health-Gen. I § 8-507 to permit inmates to request evaluation and treatment at any time, without the need for a motion for modification. *Id*.

While substance abuse programs may serve an important rehabilitative function, the law is well settled that an inmate has no constitutional due process right to participate in a rehabilitative program. *See Moody v. Daggett*, 429 U.S. 78, 88 n. 9, (1976); (due process clause not implicated by prisoner classification and eligibility for rehabilitative programs, even where inmate suffers "grievous loss"). The denial of substance abuse programming to an inmate does not impose an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *See Sandin v. Conner,* 515 U.S. 472, 484 (1995); *Matelsky v. Gunn*, 15 Fed. Appx. 686, 688 (10th Cir. 2001). Johnson has no constitutionally protected right to alcohol treatment after incarceration. Further, although the state may create a liberty interest not directly protected by the Constitution, Johnson has cited to no Maryland statutes or prison directives that would give rise to a created liberty interest.[9]

---

[8] Plaintiff claims that he has a recognized substance abuse problem. Paper No. 13.

[9] As noted herein, the pertinent Maryland statute provides that judges have the discretion to order defendants placed in the DHMH for evaluations and commited to the DHMH for substance abuse treatment. *See* Md. Code Ann., Health-Gen. I § 8-507.

Further, Johnson's discrimination claim fares no better. Johnson appears to claim that he is being denied access to alcohol treatment programming available in a DHMH facility because of his life sentence. Insofar as his allegations seemingly encompass an equal protection claim (non-lifers have access to DHMH substance abuse programming), the Equal Protection Clause does not require absolute equality.[10]  *See Ross v. Moffitt*, 417 U.S. 600, 610 (1974). Furthermore, "[t]o prove a cause of action under § 1983, the plaintiff must demonstrate that prison officials acted with a discriminatory purpose." *Woods v. Edwards,* 51 F.3d 577, 580 (5th Cir. 1995). Without alleging membership in a "suspect class" of persons or infringement of a "fundamental right," classifications may be set aside only if they are based solely on reasons totally unrelated to the pursuit of the state's goals and only if no grounds can be conceived to justify them. *See Clements v. Fashing*, 457 U.S. 957, 962-63 (1982). As noted *infra,* participation in rehabilitation programs is not a constitutional right. Further, Johnson has not alleged that he is a member of a suspect class. *See McGinnis v. Royster,* 410 U.S. 263, 268-70 (1973). Johnson has failed to demonstrate an equal protection violation related to the denial of transfer and commitment to the DHMH for substance abuse treatment.

Finally, although Johnson cites to the ADA and RA, the court finds that denial of DHMH commitment for substance abuse treatment treads on neither Act. To make out a prima facie case

---

[10]  Equal protection principles require generally that government officials behave in a way such "that all persons similarly situated should be treated alike." *Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985). To succeed on an equal protection claim, Johnson "must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001); *see also Washington v. Davis*, 426 U.S. 229, 239-42 (1976); *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002). He must go beyond mere conclusory assertions that a particular action was taken or not taken with discriminatory animus. *See Chapman v. Reynolds*, 378 F.Supp. 1137, 1139 (W.D. Va. 1974). In light of the record presented to the court, Johnson has failed to make such showings.

under the ADA, a plaintiff must establish that: (1) he is a person with a disability as defined by statute; (2) he is otherwise qualified for the benefit in question; and (3) he was excluded from the benefit due to discrimination based on disability. *See* 42 U.S.C. § 12131, *et seq*. The RA prohibits a program receiving federal funding from discriminating against an "otherwise qualified individual with a disability." 29 U.S.C. § 794(a).

The standard for proving a case under the RA is similar to the criteria under the ADA. To establish a violation of the RA, Johnson must prove that he is a qualified individual with a disability; he is otherwise qualified for a benefit of programs, services, or activities in question; and he was excluded from same to due discrimination on account of disability. *See Doe v. Univ. of Maryland Med. Sys. Corp.*, 50 F.3d 1261, 1265 (4th Cir. 1995).

To establish that he is disabled within the meaning of the ADA, Johnson must prove that: he has a physical or mental impairment; that this impairment implicates at least one major life activity; and the limitation is substantial.[11] *See Heiko v. Columbo Savings Bank, F.S.B.*, 434 F.3d 249, 254 (4th Cir. 2006). Johnson has failed to show that he has a qualifying disability under either the ADA or RA.

The facts and allegations set out by Johnson do not comprise civil rights violations under federal law and statute. The record shows that in January of 1980, his sentence on an assault and battery conviction recommended substance abuse counseling in light of his history of alcohol use. Later that year he was convicted and sentenced on the offenses for which he is serving time in the DOC. The life sentence imposed made no recommendation for commitment to the DHMH, much less any substance abuse treatment. The record presented to the court also shows that the MPC

---

[11] The definition of a qualifying disability under the RA is similar to that found under the ADA.

made no recommendation for substance abuse treatment as a condition of parole release on the life sentence. Also, Johnson acknowledges that he has access to Alcoholic's Anonymous programming in the state correctional system. The fact that a state circuit court judge used his discretionary authority to deny Johnson's petition for treatment in the DHMH does not create a federal basis for relief. A separate Order shall be entered in compliance with the opinion set out above.


Date:  July 29, 2009                           /s/                              
                                               J. Frederick Motz
                                               United States District Judge